**Pepper Hamilton LLP**
Attorneys at Law
A Pennsylvania Limited Liability Partnership

Suite 400
301 Carnegie Center
Princeton, NJ 08543-5276
609.452.0808
Fax 609.452.1147

Dennis R. Casale
Michael J. Mann
Partners-in-Charge, Princeton Office

RECEIVED
OCT 18 2007
NOEL L. HILLMAN
U.S. DISTRICT JUDGE

Jeffrey A. Carr
direct dial: 609.951.4116
carrj@pepperlaw.com

October 18, 2007

**VIA HAND DELIVERY**

The Honorable Noel L. Hillman
United States District Court
Mitchell H. Cohen U.S. Courthouse
Room 6020
1 John F. Gerry Plaza
Camden, NJ 08101

*Re: Sunoco, Inc. (R&M) v. MX Wholesale Fuel Corporation, et al.*
*Civil Action No. 06-CV-3933 (NLH)*

Dear Judge Hillman:

This Firm represents plaintiff Sunoco, Inc. (R&M) ("Sunoco") in the above-referenced matter. On September 12, 2007, Sunoco filed a Motion for Partial Summary Judgment against MX Wholesale Fuel Corporation ("MX") and Monmouth Petroleum, Inc. That motion is presently returnable before Your Honor on October 19, 2007. MX opposed that motion with a two-page Certification of its counsel, Charles Moriarty. Sunoco timely replied to MX's opposition arguing, among other things, that Mr. Moriarty lacked the requisite personal knowledge to submit a Certification in opposition to Sunoco's Motion and, therefore, the same should be disregarded.

On October 16, we received a copy of a surreply from MX in the form of a Certification from Ronald Broussell which is an apparent attempt to cure deficiencies with its earlier opposition. Mr. Broussell states that there are issues of material fact regarding the amount that is owed to Sunoco. Essentially, MX is arguing that it is entitled to set-off as a result of alleged breaches by Sunoco of the parties' Franchise Agreement. In support of its set-off defense, MX points to an accounting report of Jack Kinas ("Kinas Report").

MX's surreply should be stricken. Local Civil Rule 7.1(d)(6) prohibits surreplies without permission of the Judge or Magistrate Judge to whom the case is assigned. We are not aware of any such permission granted to MX by the Court. Accordingly, the Court should strike MX's surreply.

Pepper Hamilton LLP
Attorneys at Law

The Honorable Noel L. Hillman
Page 2
October 18, 2007

In the event the Court does not strike MX's surreply, Sunoco respectfully requests that the Court consider this letter brief because, as a matter of law, set-off for breach of a franchise or distribution agreement is not permitted in an action for the price of goods delivered and accepted.

MX's Set-Off Defense Does Not Preclude Entering Judgment on Sunoco's Breach of Contract Claim

MX's only defense for not paying for goods delivered and accepted is an alleged right to set-off. This defense fails as a matter of law. In transactions involving the sale of goods, a buyer's ability to claim set-off is controlled by the UCC, which only permits a buyer to utilize a "set-off" defense if the buyer's set-off claim relates to the same contract. In this regard, Section 2-717 of the UCC states:

> The buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract.

N.J.S.A. 12A:2-717 (emphasis added). While New Jersey Courts have not addressed set-off under this provision of the UCC in any known published opinion,[1] several courts have done so in cases factually analogous to the present matter. See e.g. Carlisle Corp. v. Uresco Constr. Materials, Inc., 823 F. Supp. 271 (M.D. Pa. 1993) (granting summary judgment for the price of goods accepted by the distributor notwithstanding the distributor's set-off claim for an alleged breach of the parties' distributorship agreement); Hellendall Distribs., Inc. v. S.B. Thomas, Inc., 559 F. Supp. 573 (E.D. Pa. 1983) (granting summary judgment in favor of the manufacturer and in doing so holding that the "Uniform Commercial Code § 2-717 does not provide a right to set off the amount owed under § 2-606 and § 2-607 because the obligation to pay for goods tendered and accepted does not arise under the "same contract" as the alleged breach of an exclusive dealing or distributorship arrangement by the defendant.") (citing Sharp Elecs. Corp. v. Arkin-Medo, Inc., 86 App. Div. 2d 817, 452 N.Y.S.2d 589 (1982)); Travenol Lab., Inc. v. Zotal, Ltd.,

[1] The District of New Jersey has ruled on this precise issue under the UCC in an unpublished decision, Teknion LLC v. Capitol Furniture Distributing Co., Inc., 02-5189 (FLW). Judge Wolfson in Teknion rejected the defendants' attempt to use alleged breaches of a distribution agreement to set-off Teknion's claims for goods delivered but not paid for by the defendants. The Court granted Teknion summary judgment for the price of goods and certified that judgment as final under Federal Rule of Civil Procedure 54(b) thereby permitting Teknion to execute immediately.

474 N.E.2d 1070 (1985) (granting summary judgment to manufacturer despite a set-off affirmative defense and stating that "it is well established that the buyer's 'obligation to pay for goods tendered and accepted does not arise under the 'same contract' as the alleged breach of an exclusive dealing or distributorship arrangement' by the seller.") (quoting, Hellendall, *supra*, and citing C.R. Bard, Inc. v. Medical Elecs. Corp., 529 F. Supp. 1382, 1387 (D. Mass. 1982)).

The result in the present matter should be no different than that in Carlisle, Hellendall, and Travenol. While related, the invoices and the Franchise Agreement cannot conceivably be characterized as one and the "same contract." Thus, the UCC does not permit MX to set off Sunoco's action for price with allegations of alleged breaches of the Franchise Agreement.

As set forth in Sunoco's opening and reply memoranda of law, MX admitted that it owes Sunoco $1,533, 894 for motor fuel accepted and then resold by MX. Now, after briefing has closed on Sunoco's motion for partial summary judgment, MX files a surreply in an attempt to create an issue of fact regarding the amount allegedly owed by claiming that Sunoco breached the underlying Franchise Agreement thereby creating a right to set-off. The Court should strike MX's surreply as it was filed without leave as required by the Local Rules. Alternatively, the Court should hold that as a matter of law MX cannot set-off its obligation to pay for goods tendered and accepted with an alleged breach of the Franchise Agreement.

Respectfully submitted,

Jeffrey A. Carr

JAC/llm
#8961004 v2

cc: Charles M. Moriarty, Esquire (via fax)
W. Peter Ragan, Esquire (via fax)
A. Christopher Young, Esquire