```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

_____
                                   :
SUNOCO, INC. (R&M),                :
                                   :    Civil Action No.
            Plaintiff,             :    06-3933  (NLH)
                                   :
    v.                             :
                                   :
MX WHOLESALE FUEL CORPORATION,     :
ET AL.,                            :    **OPINION**
                                   :
            Defendants.            :
_____:

**APPEARANCES:**
JEFFREY A. CARR
PEPPER HAMILTON LLP
SUITE 400
301 CARNEGIE CENTER
PRINCETON, NJ 08543-5276
*Attorney for Plaintiff*

CHARLES M. MORIARTY
CHARLES MORIARTY, LLC
212 MAPLE AVENUE
RED BANK, NJ 07701
*Attorney for Defendant MX Wholesale Fuel Corporation*

W. PETER RAGAN, SR.
BRINLEY PLAZA
BUILDING ONE
3100 ROUTE 138 WEST
WALL, NJ 07719
*Attorney for Defendant Monmouth Petroleum, Inc.*

**HILLMAN, District Judge**

Before the Court is plaintiff Sunoco Inc. (R&M)'s ("Sunoco") unopposed motion for judgment for voluntary dismissal of Counts I, II, III, IV and V of its complaint, an award of counsel fees, cost and prejudgment interest, and for the entry of final

judgment on Count VI of its complaint. For reasons explained below, Sunoco's motion is granted.

### I.   JURISDICTION

This Court exercises jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) over plaintiff's claims under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 et seq., and pursuant to 28 U.S.C. § 1332 (diversity) because there is complete diversity between plaintiff, a citizen of Pennsylvania and defendants, citizens of New Jersey.

### II.  BACKGROUND

The underlying facts concerning this matter were set forth in this Court's Opinion entered on June 17, 2008, and will not be repeated here.

### III. DISCUSSION

#### A.   Voluntary Dismissal of Counts I-V

Sunoco has requested that Counts I-V of its complaint be voluntarily dismissed. Defendants have filed no opposition. Therefore, Counts I, II, III, IV and V are dismissed.

#### B.   Counsel Fees and Costs

Sunoco requests that it be awarded its attorneys' fees and costs associated with the prosecution of this litigation. Although New Jersey law has a strong policy disfavoring the shifting of attorneys' fees, courts will enforce contractual fee-shifting provisions. See Metex Mfg. Corp. v. Manson, No.

05-2948 (HAA), 2008 WL 877870, at *9 (D.N.J. Mar. 28, 2008)(stating that attorneys' fees "are not recoverable absent express authorization by ... contract.")(quoting State, Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 505 (1983)); Titan Stone, Tile & Masonry, Inc. v. Hunt Const., No. 05-3362 (GEB), 2008 WL 687263, at *4 (D.N.J. Mar. 10, 2008)(same).

Here, paragraph 34 of the franchise agreement entered into between the parties states:

> ATTORNEYS FEES: If Buyer fails to pay any amount due under this Agreement or takes any action not requested in writing by Seller for which Buyer's customers bring a claim or lawsuit against Seller, Buyer agrees to pay Seller's reasonable costs and attorney's fees thereby expended in Seller's pursuit or defense of such matters.

Sunoco states that it filed its complaint against defendants MX Wholesale Fuel Corporation ("MX") and Monmouth Petroleum, Inc. ("Monmouth") Monmouth because defendants failed to pay sums for motor fuel due under the franchise agreement.  This Court ruled in favor of Sunoco on summary judgment finding that MX owes it $1,533,894.00, and that Monmouth was liable for the debt of MX under the contract.

Sunoco states that in connection with the prosecution of this action, it expended a total of $55,542.54 in counsel fees and $2,469.02 in costs for a total of $58,011.56 from the commencement of this action in August 2006, through December 2007.  Sunoco provided as an exhibit attached to its motion a

summary of all fees and expenses billed to Sunoco by its counsel, and paid by Sunoco, in connection with this matter, as well as copies of the supporting billing statements.[1]  A. Christopher Young, the litigation partner at Pepper Hamilton LLP responsible for supervising and reviewing the attorney bills in this case certified that he reviewed the billing statements attached to the motion and in his opinion found them to be reasonable. Defendants have filed no opposition to Sunoco's request for attorneys' fees.

Therefore, given the express authorization for attorneys' fees by contract, Sunoco's unopposed request to be awarded costs and counsel fees in the total amount of $58,011.56 is granted.

**C.   Prejudgment Interest**

Sunoco states that per the franchise agreement, it is entitled to no less than eighteen percent (18%) interest on payments not received by the due date.  Sunoco further states that as of August 1, 2006, the amount of the judgment, $1,533,894.00, was past due and, therefore, eighteen percent interest on that amount from August 1, 2008 to June 30, 2008, amounts to $529,132.46.

"Under New Jersey law, a court may award prejudgment

---

[1] The billing statements were redacted in part.  Sunoco states that the redactions were to protect time entries that reflect attorney-client communications and/or attorney work product.

interest in its discretion in accordance with equitable principles...." Federal Home Loan Mortgage Corp. v. Scottsdale Ins., 316 F.3d 431, 450 (3d Cir. 2003) (quoting Liberty Lincoln-Mercury v. Ford Motor Co., 134 F.3d 557 (3d Cir. 1998)); Cooper Distributing Co., Inc. v. Amana, 63 F.3d 262, 284 (3d Cir. 1995) (stating that "[i]f the NJFPA [New Jersey Franchise Practices Act] claim is analogized to a contract claim under New Jersey law, the award of prejudgment interest for claims arising in contract is subject to the discretion of the trial court.") (citing Meshinsky v. Nichols Yacht Sales, Inc., 541 A.2d 1063, 1070 (N.J. 1988)).  Generally, "... the purpose of an award of prejudgment interest is 'to indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed.'" Id. (citing Ellmex Construction Co., Inc. v. Republic Insurance Co., 494 A.2d 339, 349 (N.J.Super.A.D. 1985), cert. denied, 511 A.2d 639 (N.J. 1986)).[2]

Here, the parties contractually agreed that an interest rate of no less that eighteen percent would be applied in the event

---

[2] Motions for prejudgment interest are properly characterized as Rule 59(e) motions to alter or amend judgment. Winters v. Patel, 154 Fed.Appx. 299, 304 (3d Cir. 2005)(citing Keith v. Truck Stops Corp. of Am., 909 F.2d 743, 746-47 (3d Cir. 1990)).  Although judgment had not yet been entered when plaintiffs filed their motion, the Order granting partial summary judgment in Sunoco's favor in the amount of $1,533,894.00 had been entered, and the Court enters judgment in that amount with the entry of this Opinion obviating the need for a separate motion.

that payment was not received by the due date.  Sunoco represented in its motion for summary judgment that MX owed Sunoco $1,533,894.00 for fuel received by MX but not paid for, exclusive of interest and costs.  Defendants have not objected to Sunoco's request to apply the eighteen percent contractually agreed-upon rate, and have not argued that some other interest rate should apply.  Thus, the Court finds that Sunoco is entitled to eighteen percent prejudgment interest in the amount of $529,132.46.  See Amerisourcebergen Drug Corp. v. Meier, No. 03-CV-6769, 2005 WL 1213913, at *5 (E.D.Pa. May 19, 2005)(finding that parties agreed to 18% prejudgment interest rate and awarded plaintiff such interest).

**IV.   CONCLUSION**

For the foregoing reasons, judgment will be entered awarding Sunoco $1,533,894.00 in principal, $58,011.56 in counsel fees and costs, and $529,132.46 in prejudgment interest for a total of $2,121,038.02.  An Order and Judgment will be entered consistent with this Opinion.

                                    s/Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey